Okey, J.
Harry Johnson having, in March, 1884, at the January term of that year, been convicted in the court of common pleas of Hamilton county, of grand larceny,' was at the same term (April 4, 1884) sentenced to imprisonment in the penitentiary. He now asks leave to file in this court a petition in error to reverse the judgment, not for the reason that he is or claims to be innocent of the crime, or because he was deprived of a fair trial, but solely upon the ground that, under the provisions of the statute, he was entitled to, but denied a discharge at that or a previous term, for the reason that the cause had not been brought to trial within the time specified in those provisions.
The terms of the court of common pleas of that county commenced in 1882, 1883 and 1884, on the first Monday *208 of January, the second Monday of May, and the first Monday of November, and each term lasts, substantially, until a new term begins. This indictment was found October 1G, 1882, which was during the May term, the defendant then being in jail, and the cause was continued generally at that term and at November term, 1882. At the January term, 1883, the defendant moved that he be discharged because he had not been brought to trial as required by the statute, but the cause was continued until the next term, “ the court being satisfied that there is material evidence for the state which could not be had at this time, that reasonable exertion had been made to procure the same, and that there is just ground to believe that such evidence can be had at the next term.” This was expressly authorized by Rev. Stats. § 7311. On the last day of May term, 1883 (November 3, 1883), the court ordered that “ this cause is now continued to the next term for want of time to try the same at this term»” As to the power, thus to continue the cause and to take the steps which followed, I will speak hereafter. On the first day of November term, 1883 (November 5, 1883), before the criminal calendar had been made up, the defendant moved for his discharge. That motion was overruled on the last day of the term (January 5, 1884), and after exception by the defendant, the cause was continued. At the January term, 1884, the defendant asked to be discharged, and excepted to the order of the court placing him on trial, but, as already stated, he was tried, convicted and sentenced to the penitentiary.
In former times, persons were, in many instances, confined in prison for years, under various pretexts, without being brought to trial. Nothing could be more subversive of liberty. To prevent such abuse in this country, it is ordained in our constitutions, federal and state, that the accused shall be entitled to a speedy public trial, and statutory provisions have been enacted (Rev. Stats. §§ 7309, 7310, 7311) in aid of that clause of our state constitution. JBut it was not the purpose of the constitution or the statute to screen guilty men from punishment, or to require of courts or officers things physically impossible. Of course, when it appears that the *209 statute bas been disregarded, the accused is entitled to a discharge. But it must be remembered that tbe discharge is equivalent to a verdict of acquittal with judgment thereon (Exp. McGehan, 22 Ohio St. 442; Erwin v. State, 29 Ohio St. 186). Again, the court of common pleas is a tribunal of superior jurisdiction, its record importing absolute verity, and the orders made in a cause pending in that court are, in the absence of anything appearing to the contrary, presumed to have been rightly and properly made. And, besides, an error in refusing to discharge for such cause can never be properly presented in this court until there has been a conviction (Exp. McGehan, supra); and here it is admitted that, aside from this alleged error, the prisoner was properly convicted. For these reasons, we are clear that in order to authorize this court to reverse a conviction on such ground, and order a discharge, the accused must come prepared to show that his case is plainly within the terms of the statute.
We have seen that the cause was properly continued at January term, 1883, because of the absence, of witnesses. The statute authorized the continuance. Then the cause was continued on the last day of the hiay. term, 1883, for want of time to try it. This the prisoner’s counsel claims could not be done under the statute. True, section 163 of the act of 1869 (66 Ohio L. 311), was amended in 1877 (74 Ohio L. 351), by the addition of the words: “ and if he be not brought to trial at the next term, he shall then be discharged and the section thus amended was carried into the revision (Rev. Stats. § 7311); but the evident meaning is that a continuance shall not be twice granted to the state for the absence of witnesses. This, we think, left the court clothed with power to continuó the cause, under the statute, on application of the state,, where the term was near its close, and it had become apparent that it was impracticable to try the cause at that time; for, independently of the statute, the court is clearly vested with authority to continue for such cause, and we are of opinion that by the statutory provisions referred to the power has not been denied. Nor in so holding do we take an unwarranted liberty with the language of the statute. As Burnet, J., remarked in *210 Burgett v. Burgett, 1 Ohio, 469, 479 (approved in Tracy v. Card, 2 Ohio St. 431, 441), “it frequently becomes the duty of courts, in order to give effect to the manifest intention of the statute, to restrain or qualify or enlarge the ordinary meaning of the words that are used.” No better illustration of the principle need be sought than Burgett v. Burgett furnishes. There the court had under consideration the second section of the statute of frauds, which declares, among other things, that conveyances to defraud creditors “shall be deemed utterly void and of no effect.” The provisions in the Stats, of Eliz. confining their operation to creditors, and saving the rights of Iona fide purchasers, are omitted from our statute; but the court, nevertheless, looking to the evident object of our statute, construed it as though it contained those provisions. And see Slater v. Gave, 3 Ohio St. 80; State v. Harmon, 31 Ohio St. 250, 264.
As the court was vested with discretion to continue the cause for want of time to try it, and exercised the power on November 3, 1883, being the last day of the May term, we are clear that the motion to dismiss on November 5, 1883, being the first day of the November term, and before the calendar for that term had been prepared, was unreasonable, and might have been properly overruled at that time ; and if it would have been proper to have overruled it when it was filled, it was equally proper to do so on a subsequent day of the term. And as the record is silent, we may well say that the state was ready for trial during the whole of the November term, and that the cause was not tried at that term, not only because of the pendency of the motion, but for the reason that the cause could not be reached. And the state being ready at the January term, 1884, the court properly overruled the motion to dismiss at that time (Erwin v. State, supra), and tried the cause. Although Erwin?s case arose under another provision, in view of the construction we place on sections 7309 and 7311, the case is applicable here.'
We would not be warranted in saying that the prisoner has been deprived of any constitutional or statutory right, or that lie has any just cause of complaint; and this conclusion has *211 been reached after an examination of the cases upon the subject cited in 1 Bishop’s Cr. Bro. § 951 f, n. 8; Whart. Or. PI. & Pr. §§ 328, 583; Cooley’s Con. L. (5th ed.) 379.

Motion overruled.

JOHNSON, C. J., was absent when this cause was considered.